IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CYNTHIA HELMS,<br><br>      Plaintiff,<br><br>   v.<br><br>MARTIN J. O'MALLEY, Commissioner of Social Security Administration,<br><br>      Defendant. | CIVIL ACTION NO.: 5:24-cv-20 |

**O R D E R**

I granted a remand under sentence four of 42 U.S.C. § 405(g) on August 28, 2024, and entered judgment in Plaintiff's favor. Docs. 18, 19. Plaintiff now moves for an award of attorney's fees in the amount of $4,235.12 under the Equal Access to Justice Act ("EAJA"). Doc. 20. Defendant has no objection to Plaintiff's Motion. Id. at 2.

The United States Supreme Court has held the plain text of 28 U.S.C. § 2412(d) allows an EAJA award to be "payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States."[1] Astrue v. Ratliff, 560 U.S. 586, 589 (2010). Based on Ratliff, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Indeed, this District has followed this approach. See Order, Shank v. Berryhill, Case No. 1:16-cv-30,

---

[1] The Court may award attorney's fees under the EAJA upon a showing: (1) the claimant is a prevailing party; (2) the Government's position was not substantially justified; (3) the claimant's application was timely filed; (4) the claimant's net worth was less than $2 million when the complaint was filed; and (5) no circumstances make the award unjust. 28 U.S.C. § 2412(d).

ECF No. 20 (S.D. Ga. May 24, 2017) (awarding EAJA fees to plaintiff without directing payment to counsel, despite plaintiff's assignment of award to counsel); Order, Brown v. Astrue, Case No. 4:11-cv-152, ECF No. 24 (S.D. Ga. Mar. 4, 2013) (same); Order, Scott v. Colvin, Case No. 3:13-cv-4, ECF No. 26 (S.D. Ga. Nov. 11, 2013) (same); see also Order, Williams v. Kijakazi, Case No. 6:22-cv-25 (S.D. Ga. Jan. 26, 2023) (same).

In accord with this practice, the Court awards Plaintiff the requested EAJA fees, subject to offset by any debt Plaintiff owes the United States. The Court leaves it "to the discretion of the government to accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." Bostic, 858 F. Supp. 2d at 1306; see also Robinson v. Comm'r of Soc. Sec., No. 8:13-CV-2073, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury"); Griffin v. Astrue, Civil No. 1:10cv115, 2010 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt."). I, therefore, **GRANT** Plaintiff's Motion and award attorney's fees in the amount of $4,235.12.

**SO ORDERED**, this 27th day of November, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA